### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KFC CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CAJUN OPERATING COMPANY d/b/a CHURCH'S TEXAS CHICKEN, a Delaware corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.   4:24-cv-1000 <br> ) <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT

Plaintiff KFC Corporation ("KFC"), by and through undersigned counsel, for its Complaint against Defendant Cajun Operating Company doing business as Church's Texas Chicken ("Defendant") alleges, based on its knowledge, information, and belief formed after a reasonable inquiry pursuant to Rule 11 of the Federal Rules of Civil Procedure, as follows:

### NATURE OF ACTION

1. KFC's trademark ORIGINAL RECIPE® (the "ORIGINAL RECIPE® Mark") is one of the best-known and successful brands of freshly prepared fried chicken in the world. Since the legendary brand was introduced over half a century ago, it has become synonymous with KFC's fried chicken products. Through its extensive advertising and promotion of the brand, and the unsolicited press coverage then brand has attained, KFC has built tremendous goodwill in the ORIGINAL RECIPE® Mark and owns incontestable federal registrations for that mark.

2. On or about September 30, 2024, long after KFC had established its ORIGINAL RECIPE® brand, Defendant abruptly began using the ORIGINAL RECIPE® Mark to promote and brand its own competing line of fried chicken products and restaurant services. When KFC discovered Defendant's use of the ORIGINAL RECIPE® Mark, it sent Defendant a letter dated

October 24, 2024, objecting to Defendant's unauthorized and infringing use of KFC's ORIGINAL RECIPE® Mark. Defendant ignored KFC's letter and opted instead to expand its use and promotion of the ORIGINAL RECIPE® Mark.

3. Defendant's use of the ORIGINAL RECIPE® Mark is likely to create confusion in the marketplace and dilute the ORIGINAL RECIPE® Mark. These actions are causing irreparable harm by trading on the fame and goodwill in the ORIGINAL RECIPE® Mark and diminishing the valuable rights in the mark that KFC had developed over half a century. KFC therefore brings this action for trademark infringement under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); federal trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); dilution under the law of Texas, Tex. Bus. & Comm. Code § 16.103; and trademark infringement and unfair competition under common law.

## PARTIES

4. KFC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1900 Colonel Sanders Lane, Louisville, Kentucky 40213.

5. On information and belief, Defendant is an active Delaware corporation formed with the Delaware Department of State on November 12, 2004, with a principal place of business at 980 Hammond Drive, Suite 1100, Atlanta, Georgia 30328.

## JURISDICTION AND VENUE

6. The court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b), 1367 and under principles of pendent jurisdiction.

7. This Court has personal jurisdiction over Defendant under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, as, on information and belief, it conducts business in the State of Texas and the exercise of such jurisdiction is consistent with due process

under the United States Constitution. In addition, Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, and Defendant's contacts with the State of Texas and this district arise from, or are directly related to, KFC's causes of action.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

**A.     KFC's ORIGINAL RECIPE® Mark**

9.     KFC's restaurants—of which there are over 30,000 locations in more than 150 markets internationally—specialize in providing fried chicken made with a secret blend of 11 herbs and spices resulting in a unique, signature flavor.

10.    That combination of 11 herbs and spices is one of the most well-known, iconic trade secrets in the food industry. And it is that combination of ingredients that KFC has promoted with the ORIGINAL RECIPE® Mark. The closely-guarded ingredients in KFC's ORIGINAL RECIPE® chicken have long fascinated the general public and have prompted extensive unsolicited media attention for decades. In a September 9, 2008 article, the Associated Press reported that "so important is the 68-year old concoction that coats the chain's Original Recipe chicken that only two company executives at any time have access to it." Consumer efforts to crack the code of KFC's ORIGINAL RECIPE® chicken have also led to significant press attention, with a 2016 *Chicago Tribune* article noting that "[a]ttempts to unearth the Colonel's Original Recipe, or replicate it, have been made too many times to count."

11.    KFC first offered its fried chicken and restaurant services in connection with the ORIGINAL RECIPE® Mark in 1972. In the half century that has passed since, KFC has built tremendous goodwill through substantial investment in advertising including the ORIGINAL RECIPE® Mark it uses to identify its goods and services in the U.S. and elsewhere. KFC has advertised its products featuring the ORIGINAL RECIPE® Mark in the United States through various means, including electronic media, television commercials, print media, social media, and other promotional and point of sale materials. An example of such advertising from 1986 is shown below:



12. Today, the ORIGINAL RECIPE® Mark continues to be a cornerstone of KFC's advertising, with a new campaign promoting KFC's launch of ORIGINAL RECIPE® chicken tenders, shown below, having launched in October 2024.



13. Because of KFC's exclusive and extensive use of the ORIGINAL RECIPE® Mark, the mark has acquired substantial value and is widely recognized as identifying and distinguishing KFC as the source of goods and services offered in connection with the ORIGINAL RECIPE® Mark. KFC owns strong common law rights in the ORIGINAL RECIPE® Mark as a result of this extensive and continuous use, and the mark has become

famous among the general consuming public of the United States and of Texas and represents an extraordinarily valuable goodwill to KFC.

14. KFC has obtained the following U.S. trademark registrations for the ORIGINAL RECIPE® Mark in connection with its goods and services.

| MARK | REG. NO. | REG. DATE | RELEVANT GOODS AND SERVICES |
|---|---|---|---|
| ORIGINAL RECIPE | 1,303,969 | November 6, 1984 | "Freshly prepared fried chicken for consumption on or off the premises" in Class 29 |
| Col. Harland Sanders ORIGINAL RECIPE SINCE 1940 | 5,590,733 | October 23, 2018 | "Restaurant services" in Class 43 |

15. True and correct copies of the registrations referenced above, along with the current status page for each registration (found at *uspto.gov*) are attached hereto as **Exhibit 1**. These registrations are valid, subsisting, and in full force and effect. These registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and so serve as conclusive evidence of KFC's ownership of the ORIGINAL RECIPE® Mark and of its exclusive rights to use the mark in commerce on or in connection with all of the goods and services identified in the registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

**B.     Defendant's Unlawful Acts**

16. Starting on or about September 30, 2024, Defendant began promoting its fried chicken and associated restaurant services in connection with the ORIGINAL RECIPE® Mark. On television advertisements, on its website, and on related social media accounts, Defendant emphasizes the ORIGINAL RECIPE® Mark by displaying it in a prominent font in large letters:



**Defendant's Television Advertisement**



**Defendant's Website**





**Defendant's Social Media**

17. KFC has not authorized Defendant's use of the ORIGINAL RECIPE® Mark and has no control over the quality of Defendant's goods and services.

18. KFC, through counsel, sent a letter to Defendant on October 24, 2024, expressing its concern that Defendant markets its products and services "in a manner that suggests that they are associated with or authorized by KFC when that is not the case" and "creates a likelihood of consumer confusion concerning the source and sponsorship of [Defendant's] products and will undoubtedly have the effect of diminishing the distinctive quality and value of KFC's famous marks." KFC concluded by requesting that Defendant cease use of KFC's ORIGINAL RECIPE® Mark. A true and correct copy of KFC's letter is attached hereto as **Exhibit 2**.

19. To date, Defendant has not responded to KFC's letter.

20. Defendant uses the ORIGINAL RECIPE® Mark in a branded sense in connection with goods and services identical to KFC's.

21. Defendant's use of the ORIGINAL RECIPE® Mark is therefore likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that the goods and services offered under the mark are affiliated with, authorized by, or come from KFC, none of which is the case. Purchasers and prospective purchasers who are disappointed with Defendant's products and services are likely to attribute their dissatisfaction to KFC. The likelihood of confusion, mistake, and deception resulting from Defendant's actions is causing irreparable harm to KFC's reputation and goodwill.

22. Further, Defendant's use of the ORIGINAL RECIPE® Mark is likely to dilute, does dilute, and will continue to dilute the distinctive quality of the ORIGINAL RECIPE® Mark by lessening its capacity to identify and distinguish KFC exclusively as the source of goods and services bearing that mark, in violation of 15 U.S.C. § 1125(c).

23. Defendant has actual and constructive notice of KFC's prior rights in the ORIGINAL RECIPE® Mark but nevertheless adopted and has continued to use the mark, even after receiving a demand letter setting forth KFC's concerns and objections. Defendant's conduct is willful and in reckless disregard of KFC's legal rights.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## (15 U.S.C. § 1114)

24. KFC repeats and re-alleges each and every allegation set forth above and incorporates them herein by reference.

25. KFC owns federal registrations for the ORIGINAL RECIPE® Mark, true and correct copies of which are included in Exhibit 1.

26. Defendant's unauthorized distribution, marketing, promotion, offering for sale, and sale of goods and services under the ORIGINAL RECIPE® Mark, which is identical and confusingly similar to the ORIGINAL RECIPE® Mark, is likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of Defendant's goods and services.

27. As a result of Defendant's unauthorized use of the ORIGINAL RECIPE® Mark, which is identical and confusingly similar to the ORIGINAL RECIPE® Mark, the public is likely to believe, erroneously, that Defendant's goods and services have been approved by, or are affiliated with, KFC, and are subject to KFC's quality control measures.

28. Defendant's infringement of KFC's ORIGINAL RECIPE® Mark is willful, intended to reap the benefit of the goodwill of KFC, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29. The aforesaid conduct of Defendant is causing irreparable injury to KFC and to its goodwill and reputation and will continue to both damage KFC and deceive the public unless enjoined by this Court. KFC has no adequate remedy at law, injunctive relief is warranted considering the hardships between KFC and Defendant, and the public interest would be served by enjoining Defendant's use of the ORIGINAL RECIPE® Mark and any other designation that incorporates and is confusingly similar to the ORIGINAL RECIPE® Mark.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION
## AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(a)(1)(A))

30. KFC repeats and re-alleges each and every allegation set forth above and incorporates them herein by reference.

31. The ORIGINAL RECIPE® Mark is a strong, highly distinctive source identifier for KFC. It is entitled to the broadest scope of protection.

32. KFC owns all rights in the ORIGINAL RECIPE® Mark. Defendant is not authorized to use the ORIGINAL RECIPE® Mark.

33. Defendant's distribution, marketing, promotion, offering for sale, and sale of goods and services under the ORIGINAL RECIPE® Mark, which incorporates and is confusingly similar to the ORIGINAL RECIPE® Mark, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with KFC, or as to the origin, sponsorship, or approval of Defendant's goods and services by KFC.

34. Defendant's conduct is willful, intended to reap the benefit of KFC's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

35. The aforesaid conduct of Defendant is causing irreparable injury to KFC and to its goodwill and reputation and will continue to both damage KFC and deceive the public unless enjoined by this Court. KFC has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## FEDERAL TRADEMARK DILUTION UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(c))

36. KFC repeats and re-alleges each and every allegation set forth above and incorporates them herein by reference.

37. The ORIGINAL RECIPE® Mark is famous throughout the U.S., having been used exclusively and extensively by KFC since at least as early as 1972. By reason of KFC's extensive use, marketing, and sales, the ORIGINAL RECIPE® Mark is distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

38. Defendant's unauthorized use of the ORIGINAL RECIPE® Mark began well after the mark became famous in the U.S.  KFC obtained its first U.S. registration for ORIGINAL RECIPE® in 1984, and a second U.S. registration in 2018.

39. Defendant's unauthorized use of the ORIGINAL RECIPE® Mark is likely to dilute, does dilute, and will continue to dilute the distinctive quality of the ORIGINAL RECIPE® Mark by lessening its capacity to identify and distinguish KFC exclusively as the source of goods and services bearing that mark, in violation of 15 U.S.C. § 1125(c).

40. The aforesaid conduct of Defendant is causing irreparable injury to KFC and to its goodwill and reputation and will continue to both damage KFC and deceive the public unless enjoined by this Court.  KFC has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**TRADEMARK DILUTION UNDER TEXAS LAW**
**(TEX. BUS. & COMM. CODE § 16.103(b))**

41. KFC repeats and re-alleges each and every allegation set forth above and incorporates them herein by reference.

42. The ORIGINAL RECIPE® Mark is famous and distinctive, and well-known throughout the United Staes and Texas as a distinctive source identifier for KFC.

43. Defendant's acts as described herein began after the ORIGINAL RECIPE® Mark became famous in Texas and are of such a manner that they are likely to dilute and have diluted the famous ORIGINAL RECIPE® Mark.

44. Due to similarities between the ORIGINAL RECIPE® Mark and the marks appearing in connection with Defendant's products and services, there is an association between those marks in the minds of consumers in Texas.

45. This association is likely to impair the distinctiveness of the ORIGINAL RECIPE® Mark and harm the reputation of KFC and its marks.

46. Defendant's acts are likely to cause and have caused dilution of the famous ORIGINAL RECIPE® Mark in violation of Section 16.103(b) of the Texas Business and Commerce Code.

47. On information and belief, Defendant's conduct has been committed deliberately and willfully, with knowledge of KFC's exclusive rights and goodwill in the famous ORIGINAL RECIPE® Mark and with a bad faith intent to cause dilution and trade on KFC's goodwill.

48. The aforesaid conduct of Defendant is causing irreparable injury to KFC and to its goodwill and reputation and will continue to both damage KFC and deceive the public unless enjoined by this Court.  KFC has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### TEXAS COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

49. KFC repeats and re-alleges each and every allegation set forth above and incorporates them herein by reference.

50. Without KFC's consent, Defendant has used the ORIGINAL RECIPE® Mark in commerce in connection with the sale, offering for sale, distribution, and/or advertising of its products and services in Texas.

51. Defendant's conduct has caused or is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Defendant's goods and services, in that consumers are likely to believe that KFC has authorized Defendant's sale, offering for sale, distribution, and/or advertising of its goods and services in Texas or that Defendant is associated with or related to KFC.

52. Defendant's acts are likely to injure and, on information and belief, have injured KFC's image and reputation with consumers in Texas by creating confusion about, and dissatisfaction with, its goods and services.

53. Defendant's acts are likely to injure and, on information and belief, have injured KFC's business reputation and relations with consumers in Texas by causing customer dissatisfaction, a diminution in value of the goodwill associated with the ORIGINAL RECIPE® Mark, and a loss of KFC's sales and market share to its competition.

54. Defendant's sale, offering for sale, distribution, importation, exportation, and/or advertising of its goods and services under the ORIGINAL RECIPE® Mark have been committed deliberately and willfully, with knowledge of KFC's exclusive rights and goodwill in the ORIGINAL RECIPE® Mark and with a bad faith intent to cause confusion and trade on KFC's goodwill.

55. Defendant's acts constitute an infringement of KFC's trademark rights and unfair competition in violation of Texas common law.

56. The aforesaid conduct of Defendant is causing irreparable injury to KFC and to its goodwill and reputation and will continue to both damage KFC and deceive the public unless enjoined by this Court. KFC has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, KFC demands judgment as follows:

1. That an injunction be issued enjoining Defendant, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert and participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

   a) Using ORIGINAL RECIPE as a name or mark for any goods or services;

   b) manufacturing, offering, selling, marketing, promoting, advertising, or providing goods or services under the ORIGINAL RECIPE® Mark or any other marks or designations that are confusingly similar to the ORIGINAL RECIPE® Mark;

   c) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendant, or any service offered or rendered by Defendant, is in any manner associated or connected with KFC, or is licensed, sponsored, approved, or authorized by KFC;

   d) engaging in any other activity constituting unfair competition with KFC, or constituting infringement of the ORIGINAL RECIPE® Mark;

  e)  taking any action, including the use of the ORIGINAL RECIPE® Mark or variants thereof, that dilutes the unique association between the ORIGINAL RECIPE® Mark and KFC;

  f)  disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the ORIGINAL RECIPE® Mark, or any other mark or designation that is confusingly similar to the ORIGINAL RECIPE® Mark;

  g)  instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above;

  2.  Directing that Defendant cancel any advertising regardless of medium (including but not limited to social media accounts) using the ORIGINAL RECIPE® Mark, or any mark or designation that is confusingly similar to the ORIGINAL RECIPE® Mark;

  3.  Directing that Defendant deliver to KFC's counsel for destruction at Defendant's cost all signs, products, packaging, promotional material, advertising material, catalogs, and any other items bearing the ORIGINAL RECIPE® Mark, or any mark or designation that is confusingly similar to the ORIGINAL RECIPE® Mark;

  4.  Directing that Defendant recall from all suppliers and distributors any and all marketing materials, products and packaging sold or distributed by Defendant under the ORIGINAL RECIPE® Mark or any other mark or designation that is confusingly similar to the ORIGINAL RECIPE® Mark, and, upon recall, to deliver such goods up to KFC's counsel for destruction or donation at Defendant's cost;

  5.  Requiring Defendant to account for and pay over to KFC three times the profits realized by Defendant from its acts of willful trademark infringement and dilution of the KFC Marks and unfair competition with KFC pursuant to 15 U.S.C. § 1117(a) and Tex. Bus. & Com. C. § 16.103(c);

      6.      Awarding KFC its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendant's acts of willful trademark infringement, unfair competition and trademark dilution;

      7.      Awarding KFC its actual damages arising out of Defendant's acts of willful, unfair, and deceptive trade practices and dilution of the distinctive quality of the KFC Marks;

      8.      Awarding KFC interest, including pre-judgment interest, on the foregoing sums;

      9.      Awarding KFC its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b);

      10.      Directing that Defendant file with the Court and serve upon KFC's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant's has complied with the above; and

      11.      Awarding KFC such other and further relief as the Court may deem just and proper.

Dated: November 8, 2024                    Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: /s/ Craig A. McDougal
**Craig A. McDougal**
State Bar No. 13569850
cmcdougal@ktslaw.com
**Christin J. Jones**
State Bar No. 24070017
cjones@ktslaw.com
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Phone: (214) 922-7100
Facsimile: (214) 922-7101

**Joseph Petersen** (to be admitted *pro hac vice*)
State Bar No. 304597 (CA)
jpetersen@ktslaw.com
1302 El Camino Real, Suite 175
Menlo Park, CA 94025
Phone: (650) 326-2400
Facsimile: (650)-326-2422

**Briggs M. Wright**
State Bar No. 5309240 (NY)
briggs.wright@ktslaw.com
3 Times Square
New York, NY 10036
Phone: (212) 775-8700
Facsimile: (212)-775-8800

**COUNSEL FOR PLAINTIFF
KFC CORPORATION**